UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IN RE CARDINAL HEALTH, INC. DERIVATIVE LITIGATION** | Case No. 2:19-cv-2491<br><br>Judge Sarah D. Morrison<br><br>Magistrate Judge Elizabeth A. Preston Deavers |

**STIPULATED PROTECTIVE ORDER**

Plaintiffs Melissa Cohen, Stanley M. Malone, and Michael Splaine ("Plaintiffs") and Defendants David J. Anderson, Colleen F. Arnold, George S. Barrett, Carrie S. Cox, Calvin Darden, Bruce L. Downey, Patricia A. Hemingway Hall, Akhil Johri, Clayton M. Jones, Michael C. Kaufmann, Gregory B. Kenny, Nancy Killefer, David P. King, J. Michael Losh, and nominal defendant Cardinal Health, Inc. (collectively, "Defendants"; Plaintiffs and Defendants are collectively, "Parties," and individually, a "Party") agree that the following limitations and restrictions should apply to documents and information produced for inspection and copying during the course of this litigation (the "Action"). The Court hereby **ORDERS** that:

1. **Use of Documents.** All documents produced in this Action may only be used solely for the purpose of defending or prosecuting this Action.

2. **Scope.** This Protective Order (hereinafter "Protective Order" or "Order") shall apply to all documents or other information produced in the course of discovery in this Action that the producing person or entity (the "Producing Entity") has designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" (either a "Confidentiality Designation" or collectively the "Confidentiality Designations") pursuant to this Order, including but not limited to, all initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, and all

**Error! Unknown document property name.**

materials (including documents or testimony) produced by third parties in response to subpoenas issued in connection with this matter, including all copies, excerpts, and summaries thereof (collectively the "Confidential Information").  If a Party serves a third party with a subpoena for documents or depositions testimony pursuant to this Action, that Party shall provide the third party with a copy of this Order.  If the third party executes Exhibit A to this Order and thereby agrees to be bound by its terms, the third party may then designate documents and deposition testimony as Confidential Information pursuant to the terms of this Order and rely on this Order as if it were a Party.  No third party may receive or view information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" pursuant to this Order unless the third party has executed Exhibit A to this Order, and thereby agreed to be bound by its terms.

    3.    **Purpose.**  The purpose of this Protective Order is to protect against the unnecessary disclosure of Confidential Information.

    4.    **Disclosure Defined.**  As used herein, "disclosure" or "to disclose" means to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise communicate Confidential Information, and the restrictions contained herein regarding disclosure of Confidential Information also apply with equal force to any copies, excerpts, analyses, or summaries of such materials or the information contained therein, as well as to any pleadings, briefs, exhibits, transcripts or other documents, which may be prepared in connection with this Action that contain or refer to the Confidential Information or information contained therein.

    5.    **Designating Material.**

        a.    **Designating Material As Confidential:**  Any Producing Entity may designate as Confidential and subject to this Protective Order any documents, testimony,

written responses, or other materials produced in this case if they contain information that the Producing Entity asserts in good faith is protected from disclosure by statute or common law, including, but not limited to, confidential personal information; medical or psychiatric information; trade secrets; personnel records; research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in the Federal Rules of Civil Procedure ("FRCP") and any applicable case law interpreting FRCP 26(c)(1)(G); contracts; proprietary information; vendor agreements; claim/litigation information; and nonpublic policies and procedures shall be deemed Confidential, or such other sensitive commercial information that is not publicly available. Information that is publicly available may not be designated as Confidential. The designation of materials as Confidential pursuant to the terms of this Protective Order does not mean that the document or other material has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

      **b.**    **Designating Material As Attorneys' Eyes Only.**  Any Producing Entity may designate as Attorneys' Eyes Only and subject to this Protective Order any materials or information that meet the test set forth in Paragraph 5.a, but as to which the Producing Entity also asserts in good faith that the information is so competitively sensitive that the receipt of the information by Parties to the Action could result in competitive harm to the Producing Entity.

**6.    Form and Timing Of Designation.**

a.    **Documents And Written Materials.**  The Producing Entity shall designate any document or other written materials as confidential pursuant to this Order by marking each page of the material with a stamp setting forth the Confidentiality Designation, if practical to do so.  The person or entity designating the material shall place the stamp, to the extent possible, in such a manner that it will not interfere with the legibility of the document.  Materials shall be so-designated prior to, or at the time of, their production or disclosure.

b.    **Electronically Stored Information ("ESI"):**  If a production response includes ESI, the Producing Entity shall make an effort to include within the electronic load files themselves the Confidentiality Designation to the extent practicable.  If that is not practicable, then the Producing Entity shall designate in a transmittal letter or email to the Party to whom the materials are produced (the "Receiving Party") using a reasonable identifier (*e.g.*, the Bates range) any portions of the ESI that should be treated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," and any portions of the ESI that should be treated as "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER."

c.    **Deposition Testimony.**  Deposition testimony will be deemed Confidential or Attorneys' Eyes Only if designated as such when the deposition is taken or within 30 days after receipt of the deposition transcript.  Such designation must indicate which Confidentiality Designation applies, and must be specific as to the portions of the transcript and/or any exhibits to which that Confidentiality Designation applies, except that any

exhibit that was marked with a Confidentiality Designation at the time of production, shall be presumed to fall within the provisions of this Order without further designation.

**7.     Limitation Of Use.**

    **a.     General Protections.**  All information that has received a Confidentiality Designation, including all information derived therefrom, shall be used by any Receiving Party solely for purposes of prosecuting or defending this Action.  A Receiving Party shall not use or disclose the Confidential Information for any other purpose, including but not limited to any business, commercial, or competitive purpose.  Except as set forth in this Order, a Receiving Party shall not disclose Confidential Information to any third party.  This Order shall not prevent the Producing Entity from using or disclosing information it has designated as Confidential Information, and that belongs to the Producing Entity, for any purpose that the Producing Entity deems appropriate, except that the Producing Entity's voluntary disclosure of Confidential Information outside the scope of this Action may impact the protection that this Order would otherwise provide with regard to such information, once disclosed.

    **b.     Persons To Whom Information Marked "Confidential" May Be Disclosed.**  Use of any information, documents, or portions of documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," including all information derived therefrom, shall be restricted solely to the following persons who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

    1.   outside counsel of record for the Parties, and the administrative staff of outside counsel's firms;

    2.   in-house counsel for the Parties, and the administrative staff for each in-house counsel;

3. any Party to this action who is an individual;

4. as to any Party to this action who is not an individual, every employee, director, officer, or manager of that Party, but only to the extent necessary to further the interest of the Parties in this Action;

5. independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a Party or its attorneys for purposes of this Action, but only to the extent necessary to further the interest of the Parties in this Action, and only after such persons have completed the certification attached hereto as Attachment A, Acknowledgment of Understanding and Agreement to be Bound;

6. the Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the Parties during the Action of this action;

7. the authors and the original recipients of the documents and, in the case of meeting minutes, any attendee of the meeting to the extent the attendee is identified on the document and attended the entire meeting or the portion of the meeting shown in the minutes;

8. any court reporter or videographer reporting a deposition;

9. employees of electronic discovery services, copy services, microfilming or database services, trial support firms, and/or translators who are engaged by the Parties during the litigation of this Action;

10. interviewees, potential witnesses, deponents, hearing or trial witnesses, and any other person, where counsel for a Party to this action in good faith determines the individual should be provided access to such information in order for counsel to more effectively prosecute or defend this action (as long as the disclosure occurs in connection with the (actual or virtual) presence of counsel), and copies, duplicates, images, or the like are either (A) destroyed after the meeting with counsel, (B) not removed or (C) not retained by any interviewee, potential witness, deponent, or hearing or trial witness), provided, however, that in all such cases the individual to whom disclosure is to be made has been informed that the information contained in the disclosed document(s) is confidential and protected by Court Order, that the individual understands that he/she is prohibited from disclosing any information contained in the document(s) to anyone, and that the individual to whom disclosure is to be made certifies in writing the destruction or return to counsel of the disclosed materials; or

11. any other person agreed to in writing by the Parties.

Prior to being shown any documents produced by another Party marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," any person listed under paragraphs 7.b.3., 7.b.4., or 7.b.11 shall be advised that the confidential information is being disclosed pursuant to and subject to the terms of this Protective Order.

    **c.    Persons To Whom Information Marked "Attorneys' Eyes Only" May Be Disclosed.** Use of any information, documents, or portions of documents marked "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER," including all information derived therefrom, shall be restricted solely to the following persons who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

1. outside counsel of record for the Parties, and the administrative staff of outside counsel's firms;

2. in-house counsel for the Parties with responsibility for oversight of the Action;

3. independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a Party or its attorneys for purposes of this Action, but only to the extent necessary to further the interest of the Parties in this Action, and only after such persons have completed the certification attached hereto as Attachment A, Acknowledgment of Understanding and Agreement to be Bound;

4. the Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the Parties during the litigation of this Action;

5. the authors and the original recipients of the documents and, in the case of meeting minutes, any attendee of the meeting to the extent the attendee is identified on the document and attended the entire meeting or the portion of the meeting shown in the minutes;

6. The Party or third party that produced the document designated as "Attorneys' Eyes Only," and every director and/or officer of that Party or third party;

      7.      any court reporter or videographer reporting a deposition;

      8.      employees of electronic discovery services, copy services, microfilming or database services, trial support firms, and/or translators who are engaged by the Parties during the litigation of this Action;

      9.      any other person agreed to in writing by the Parties.

Prior to being shown any documents produced by another Party marked "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER," any person listed under paragraph 7(c)(8) shall be advised that the confidential information is being disclosed pursuant to and subject to the terms of this Protective Order.

    **8.**    **Inadvertent Production.**  Inadvertent production of any document or information in this Action shall be governed by Federal Rule of Evidence ("FRE") 502, except that the provisions of FRE 502(b) are inapplicable to the production of documents under this Order. Pursuant to subsections (d) and (e) of FRE 502, the Parties agree to, and the Court entered a FRE 502(d) order (Doc. # 83, PageID # 3093). The Parties will meet and confer in good faith to attempt to reach agreement regarding privilege issues, including claw back provisions, and logging, which the Parties expect to memorialize in a single stipulation.

    a.    For documents or information produced in this Action, prior to production to another Party, any copies, electronic images, duplicates, extracts, summaries, or descriptions (collectively "copies") of documents marked with a Confidentiality Designation under this Order, or in any individual portion of such a document, shall be affixed with the same Confidentiality Designation if it does not already appear on the copy being produced. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases, or lists of documents provided these indices, electronic databases, or lists do not contain portions or images of

the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

9.  **Filing Materials Containing Information With A Confidentiality Designation.**

In the event a Party seeks to file with the Court any confidential information subject to protection under this Order, that Party must take appropriate action to ensure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the Party who designated the document as confidential; (b) where appropriate (*e.g.*, in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal.

Any motion to file a document subject to this Order under seal must meet the Sixth Circuit's standard set forth in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016).  The burden of demonstrating the need for and appropriateness of a sealing order is borne by the moving Party, and requires the moving Party to analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.  Regardless of whether the Parties agree, it remains the Court's independent obligation to determine whether a seal is appropriate for any given document or portion thereof.  Any proposed sealing, even when compelling reasons exist, must be narrowly tailored to serve the compelling reasons.

When a Party to this Order seeks to file documents which it believes may warrant sealing, but is not the Party who may be prejudiced by the document or documents becoming part of the public record, the filing Party shall provide the potentially-prejudiced Party or Parties, or any potentially-prejudiced third party or Parties, with written notification of its intent to file such documents at least (14) **fourteen days** before doing so.  After being provided such notice, the

potentially harmed Party or Parties will then have (7) **seven days** to file with the Court a motion for sealing. The Court will rule on the motion as promptly as possible.

In the event Confidential Materials are sealed, the filing of such Confidential Materials must comply with SD Ohio General Order 21-03 (entered January 15, 2021), or such General Order that replaces General Order 21-03.

    **10.**     **Attorneys Allowed To Provide Advice.** Nothing in this Order shall bar or otherwise restrict any attorney for any Party from rendering advice to his or her client with respect to this case or from doing anything necessary to prosecute or defend this case and furthering the interests of his or her client, except for the disclosure of the Confidential Information as proscribed in this Order.

    **11.**     **Excluding Others From Access.** Whenever information bearing a Confidentiality Designation pursuant to this Protective Order is to be discussed at a deposition, the person or entity that designated the information may exclude from the deposition any person, other than persons designated in Paragraph 6 of this Order, as appropriate, for that portion of the deposition.

    **12.**     **No Voluntary Disclosure To Other Entities.** The Parties or anyone acting on their behalf may not voluntarily disclose any Confidential Information received in this litigation to any state or federal law enforcement or regulatory agency, or any employee thereof, except in this Action as set forth in Paragraph 7 of this Order or as otherwise commanded by law or provided in this Order. Nothing in this Order shall prevent a Party from providing information in its possession in response to a valid order or subpoena from a law enforcement or regulatory agency requiring the production of such information, except that, prior to such production, the Party producing the information shall provide notice within five (5) business days of receipt of the order

or subpoena to the person or entity that designated the material as confidential to facilitate that Party's efforts to preserve the confidentiality of the material, if warranted.

13. **Disputes As To Designations.**  Each Party has the right to dispute the Confidentiality Designation asserted by any Producing Entity.  If a Party believes that any documents or materials have been inappropriately designated by a Producing Entity, that Party shall confer with counsel for the Producing Entity that designated the documents or materials.  As part of that conferral, the designating person or entity may assess whether redaction is a viable alternative to complete non-disclosure.  If any Party challenges the Confidentiality Designation of any document or information, the burden to properly maintain the designation shall, at all times, remain with the person or entity that made the designation to show that said document or information should remain protected pursuant to FRCP 26(c).  In the event of disagreement, then the challenging person or entity shall set up an informal telephone conference of the Parties with the Magistrate Judge under S.D. Ohio Loc. Civ. R. 37.1 for the purposes of discussing the disagreement, prior to filing any motion(s) pursuant to FRCP 37(a).  A Party who disagrees with the designation must nevertheless abide by that designation until the matter is resolved by agreement of the Parties or by order of the Court.

14. **Information Security Protections.**  Confidential Information must be stored and maintained by the Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  Receiving Parties shall exercise the same care with regard to the storage, custody, or use of Confidential Information as they would apply to their own material of the same or comparable confidentiality and sensitivity.  Receiving Parties must take reasonable precautions to protect Confidential Information from loss, misuse and unauthorized access, disclosure, alteration and destruction.

If a data breach that includes Confidential Information received in this matter occurs or a Receiving Party reasonably believes such a breach may have occurred, the Receiving Party shall immediately report such incident to the Producing Entity and describe the Confidential Information accessed without authorization.  In such event, the Receiving Party shall immediately take actions in good faith to remediate the breach and to preclude further breaches.  In all events, the Receiving Party shall take such actions as are required by applicable laws, including privacy laws.  After notification, the Receiving Party shall keep the Producing Entity informed of remediation efforts.

15. **All Trials Open To Public.**  All trials, and certain pretrial proceedings and hearings, are open to the public (collectively a "Public Hearing" or "Public Hearings").  Absent further order of the Court, there will be no restrictions on any Party's ability to the use during a Public Hearing any document or information that is marked with a Confidentiality Designation or documents or information derived therefrom that would disclose such Confidential Information.  However, if a Party intends to present at a Public Hearing any document or information that has been so designated, the Party intending to present such document or information shall provide advance notice to the person or entity that made the Confidentiality Designation at least (5) **five** days before the Public Hearing by identifying the documents or information at issue as specifically as possible (*i.e.*, by Bates Number, page range, deposition transcript line, *etc.*) without divulging the actual documents or information. Any person may then seek appropriate relief from the Court regarding restrictions on the use of such documents or information at trial, or sealing of the courtroom, if appropriate.

16. **No Waiver Of Right To Object.**  This Order does not limit the right of any Party to object to the scope of discovery in the above-captioned action.

17. **No Determination Of Admissibility.**  This Order does not constitute a determination of the admissibility or evidentiary foundation for the documents or a waiver of any Party's objections thereto.

18. **No Admissions.**  Designation by either Party of information or documents under the terms of this Order, or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets.  Neither Party may introduce into evidence in any proceeding between the Parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other Party designated or failed to designate information or documents under this Order.

19. **No Prior Judicial Determination.**  This Order is based on the representations and agreements of the Parties and is entered for the purpose of facilitating discovery in this action. Nothing in this Order shall be construed or presented as a judicial determination that any documents or information as to which counsel or the Parties made a Confidentiality Designation is in fact subject to protection under FRCP 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

20. **Order Subject To Modification.**  This Order shall be subject to modification by the Court on its own motion or on motion of a Party or any other person with standing concerning the subject matter.

21. **Parties May Consent To Disclosure.**  Nothing shall prevent disclosure beyond the terms of this Order if all Parties consent to such disclosure, or if the Court, after notice to all affected Parties, permits such disclosure.  Specifically, if and to the extent any Party wishes to disclose any Confidential Information beyond the terms of this Order, that Party shall provide all other Parties with reasonable notice in writing of its request to so disclose the materials.  If the

Parties cannot resolve their disagreement with respect to the disclosure of any Confidential Information, then a Party may petition the Court for a determination of these issues. In addition, any interested member of the public may also challenge the designation of any material as confidential, pursuant to the terms of this paragraph.

22. **Newly Joined Parties.** In the event additional parties join or intervene in this Action, the newly joined party(ies) shall not have access to Confidential Information until its/their counsel has executed and, at the request of any party, filed with the Court the agreement of such party(ies) and such counsel to be fully bound by this Order.

23. **Destruction Of Materials Upon Termination Of Litigation.** This Order shall continue to be binding throughout and after the conclusion of this Action, including all appeals. Within thirty (30) days of final settlement or adjudication, including the expiration or exhaustion of all rights to appeal or petitions for extraordinary writs, each Party or non-party to whom any materials were produced shall, without further request or direction from the Producing Entity, subject to the caveat listed below ("Caveat"), promptly destroy all documents, items or data or ESI received that were designated as Confidential Information, including, but not limited to, deposition transcripts, exhibits, or recordings and copies or summaries thereof, in the possession or control of any expert or employee. The Receiving Party shall, upon request of the Producing Entity, submit a written certification to the Producing Entity by the 30-day deadline that (1) confirms the destruction/deletion of all documents, items or data, including any copies of Confidential Materials provided to persons required to execute Attachment A (Acknowledgment of Understanding and Agreement to be Bound), and (2) affirms the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential Material other than as permitted herein.

      a.    **Caveat:**  Notwithstanding Paragraph 23, counsel for the Parties are (1) entitled to retain all filings in the Action, correspondence between Parties, any attorney work product, including summaries of documents and depositions; (2) not required to search for and/or destroy any email or email attachments containing Confidential Information.

    **24.**    **Counsel Allowed To Retain Copy Of Filings.**  Nothing in this Protective Order shall prevent outside counsel for a Party from maintaining in its files a copy of any filings in the Action, including any such filings that incorporate or attach Confidential Information.  Moreover, an attorney may use his or her work product in subsequent litigation, provided that such use does not disclose any Confidential Information.

    **IT IS SO ORDERED.**


Dated: <u>April 15, 2021</u>                                         s/ *Elizabeth A. Preston Deavers*
                                                                                  ELIZABETH A. PRESTON DEAVERS
                                                                                  UNITED STATES MAGISTRATE JUDGE

Agreed to by:

| Of Counsel:<br><br>GARDY & NOTIS, LLP<br>James S. Notis (admitted pro hac vice)<br>Jennifer Sarnelli (admitted pro hac vice)<br>126 East 56th Street, 8th Floor<br>New York, NY 10022<br>(212) 905-0509 - Telephone<br>(212) 905-0508 - Facsimile<br>Email: jnotis@gardylaw.com<br>Email: jsarnelli@gardylaw.com | Richard S. Wayne (0022390)<br>William K. Flynn (0029536)<br>Robert R. Sparks (0073573)<br>STRAUSS TROY CO., LPA<br>150 E. Fourth Street<br>Cincinnati, OH 45202-4018<br>(513) 621-2120 - Telephone<br>(513) 629-9426 - Facsimile<br>Email: rswayne@strausstroy.com<br>Email: wkflynn@strausstroy.com<br>Email: rrsparks@strausstroy.com<br><br>*Attorneys for Plaintiffs* |
|---|---|
| KESSLER TOPAZ MELTZER & CHECK, LLP<br>Eric L. Zagar (admitted pro hac vice)<br>Justin O. Reliford (admitted pro hac vice)<br>280 King of Prussia Road<br>Radnor, PA 19087<br>(610) 667-7706 - Telephone<br>(610) 667-7056 - Facsimile<br>Email: ezagar@ktmc.com<br>Email: jreliford@ktmc.com<br><br>*Co-Lead Counsel for Plaintiffs* | /s/ Mark H. Troutman per email permission on April 14, 2021 by<br><u>David S. Bloomfield, Jr.</u><br>GIBBS LAW GROUP LLP<br>Mark H. Troutman (0076390)<br>Trial Attorney<br>Shawn K. Judge (0069493)<br>505 14th Street, Suite 1110<br>Oakland, CA 94612<br>(510) 350-9700 - Telephone<br>Email: mht@classlawgroup.com<br>Email: skj@classlawgroup.com<br><br>*Co-Liaison Counsel for Plaintiffs* |

| Of Counsel:<br><br>WACHTELL, LIPTON, ROSEN & KATZ<br>51 West 52nd Street<br>New York, NY 10019<br>(212) 403-1000 – Telephone<br>(212) 403-2000 – Facsimile | /s/ Robert W. Trafford by<br><u>David S. Bloomfield, Jr.</u><br>Robert W. Trafford (0024447)<br>Trial Attorney<br>David S. Bloomfield, Jr. (0068158)<br>Porter, Wright, Morris & Arthur LLP<br>41 South High Street, Suite 2800<br>Columbus, Ohio 43215<br>(614) 227-2000 - Telephone<br>(614) 227-2100 - Facsimile<br>Email: rtrafford@porterwright.com<br>Email: dbloomfield@porterwright.com<br><br>*Attorneys for Defendants David J. Anderson, Colleen F. Arnold, George S. Barrett, Carrie S. Cox, Calvin Darden, Bruce L. Downey, Patricia A. Hemingway Hall, Akhil Johri, Clayton M. Jones, Michael C. Kaufmann, Gregory B. Kenny, Nancy Killefer, David P. King, and J. Michael Losh* |
|---|---|
|  | /s/ Albert G. Lin by<br><u>David S. Bloomfield, Jr.</u><br>Albert G. Lin (0076888)<br>Trial Attorney<br>Trischa Snyder Chapman (0086420)<br>Marissa A. Peirsol (0098203)<br>Erika Dackin Prouty (0095821)<br>BAKER & HOSTETLER LLP<br>200 Civic Center Drive, Suite 1200<br>Columbus, OH 43215<br>(614) 228-1541 - Telephone<br>(614) 462-2616 - Facsimile<br>Email: alin@bakerlaw.com<br>Email: tchapman@bakerlaw.com<br>Email: mpeirsol@bakerlaw.com<br>Email: eprouty@bakerlaw.com<br><br>*Attorneys for Nominal Defendant Cardinal Health, Inc.* |

# ATTACHMENT A

1. My name is _____. I live at _____. I am working on behalf (or at the direction and engagement) of _____.

2. I am aware that a Protective Order has been entered in the matter *In re Cardinal Health, Inc. Derivative Litigation*, pending in the Southern District of Ohio, and a copy thereof has been given to me, and I have read and understand the provisions of same.

3. I submit to the jurisdiction of the Southern District of Ohio in matters related to the Protective Order and understand that the terms of the Protective Order obligate me to use documents designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" in accordance with the Protective Order, solely for the purpose of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm, or concern.

4. I understand that violation of the Protective Order may result in penalties for contempt of court.

DATED: _____          _____