# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **IN RE CARDINAL HEALTH, INC. DERIVATIVE LITIGATION** | Case No. 2:19-cv-2491<br><br>Judge Sarah D. Morrison<br><br>Magistrate Judge Elizabeth A. Preston Deavers |

## FINAL JUDGMENT AND ORDER APPROVING DERIVATIVE ACTION SETTLEMENT

WHEREAS, a consolidated stockholder derivative action is pending in this Court entitled *In re Cardinal Health, Inc. Derivative Litigation*, Case No. 2:19-cv-2491 (the "Action");

WHEREAS, (i) co-lead plaintiffs in the Action Melissa Cohen, Stanley M. Malone, and Michael Splaine (collectively, "Plaintiffs"); (ii) individual defendants David J. Anderson, Colleen F. Arnold, George S. Barrett, Carrie S. Cox, Calvin Darden, Bruce L. Downey, Patricia A. Hemingway Hall, Akhil Johri, Clayton M. Jones, Michael C. Kaufmann, Gregory B. Kenny, Nancy Killefer, David P. King, and J. Michael Losh (collectively, "Individual Defendants"); and (iii) nominal defendant Cardinal Health, Inc. ("Cardinal Health" or the "Company," and, together with Individual Defendants, "Defendants"), constituting the parties (the "Parties" and, individually, a "Party") in the above-captioned action (the "Action") have entered into the Stipulation and Agreement of Compromise, Settlement, and Release dated May 25, 2022 (the "Stipulation"), which sets forth the terms and conditions of the proposed settlement (the "Settlement") that provides for a complete dismissal with prejudice of the claims asserted in the Action and the release of the Released Claims (defined in the Stipulation) on the terms and conditions set forth therein, subject to the approval of this Court;

WHEREAS, by Order dated July 18, 2022 (the "Preliminary Approval Order"), this Court: (i) preliminarily approved the Settlement; (ii) ordered that notice of the Settlement be provided to Current Company Stockholders (defined in the Stipulation); (iii) provided any person who owned Cardinal Health stock as of May 25, 2022 and continued to hold Cardinal Health stock as of the date of the Settlement Hearing with the opportunity to object to the Settlement, Plaintiffs' Counsel's application for an award of attorneys' fees and expenses, and Plaintiffs' application for service awards; and (iv) scheduled a hearing regarding final approval of the Settlement (the "Settlement Hearing");

WHEREAS, on October 4, 2022, the Court held the Settlement Hearing to consider, among other things, whether Judgment should be entered: (i) finally approving the terms of the Settlement as fair, reasonable, and adequate and in the best interests of Cardinal Health and its stockholders; (ii) dismissing with prejudice the Action pursuant to the terms of the Stipulation; and (iii) ruling on Plaintiffs' Counsel's application for an award of attorneys' fees and expenses on behalf of all Plaintiffs' Counsel and Plaintiffs' application for service awards; and

WHEREAS, it appearing that due notice of the terms of the Settlement, the Released Claims, and the Settlement Hearing has been given in accordance with the Preliminary Approval Order; the Parties having appeared by their respective attorneys of record; the Court having heard and considered evidence in support of the Settlement; the attorneys for the respective Parties having been heard; an opportunity to be heard having been given to all other persons or entities requesting to be heard in accordance with the Preliminary Approval Order; the Court having determined that notice to Current Company Stockholders was adequate and sufficient; and the entire matter of the Settlement having been heard and considered by the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. **Definitions** – Unless otherwise defined in this Judgment, the capitalized terms used herein shall have the same meaning as they have in the Stipulation.

2. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement and this Judgment and over all Parties.

3. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on May 25, 2022; and (b) the Notice and Summary Notice, which were filed with the Court on May 25, 2022.

4. **Derivative Action Properly Maintained** – Based on the record in the Action, each of the provisions of Rule 23.1 of the Federal Rules of Civil Procedure has been satisfied and the Action has been properly maintained according to Rule 23.1.

5. **Notice** – The Court finds that the dissemination of the Notice and publication of the Summary Notice: (i) were implemented in accordance with the Preliminary Approval Order; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Current Company Stockholders of (a) the pendency of the Action, (b) the effect of the Settlement (including the Released Claims), (c) Co-Lead Counsel's application for an award of attorneys' fees and expenses, (d) Plaintiffs' application for service awards, (e) their right to object to the Settlement, Plaintiffs' Counsel's application for attorneys' fees and expenses, and Plaintiffs' application for service awards, and (f) their right to appear at the Settlement Hearing; (iii) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the Settlement; and (iv) satisfied the requirements of Rule 23.1(c) of the Federal Rules

of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.

6. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Federal Rule of Civil Procedure 23.1(c), this Court finds that the Settlement set forth in the Stipulation is fair, reasonable, and adequate as to each of the Parties, and hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the Settlement consideration; the Released Claims against the Released Persons; and the dismissal with prejudice of the claims asserted in the Action), finds that the Settlement set forth in the Stipulation provides substantial benefits to the Plaintiffs, to Cardinal Health, and to Cardinal Health stockholders, and orders the Parties to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation to the extent the Parties have not already done so.

7. The Action, all claims contained therein, and the Released Claims are hereby ordered compromised, settled, released, discharged, and dismissed on the merits and with prejudice by virtue of the proceedings in this Action and this Judgment. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on the Parties and all Cardinal Health stockholders, as well as their respective successors and assigns. Any Cardinal Health stockholder that has not timely submitted any actual or potential objection to the Settlement in the manner provided in the Notice is deemed to have waived the right to object to any aspect of the proposed Settlement, the Fee and Expense Award, and the service awards (including any right of appeal or collateral attack); is forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Judgment to be

entered approving the Settlement, the Fee and Expense Award, or the service awards; and is deemed to have waived and is forever barred and foreclosed from being heard, in this or any other proceeding with respect to any matters concerning the Settlement, the Fee and Expense Award, or the service awards.

9. **Releases** – The releases set forth in section 6 of the Stipulation, together with the definitions contained in section 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Court orders that the releases set forth in the Stipulation shall be effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, upon the Effective Date, Cardinal Health acting directly, Plaintiffs acting directly on behalf of themselves and derivatively on behalf of Cardinal Health, and any other Cardinal Health stockholder acting derivatively on behalf of Cardinal Health, and any of their respective legal representatives, heirs, executors, administrators, predecessors, successors, predecessors-in-interest, successors-in-interest and assigns, shall be deemed to have, and by operation of the Judgment, shall have, fully, finally, and forever released, relinquished, settled, discharged, and dismissed with prejudice every one of the Released Plaintiff Claims (including Unknown Claims) against the Released Defendant Persons, and shall be forever barred and enjoined from asserting, commencing, instituting, prosecuting, or continuing to prosecute any of the Released Plaintiff Claims against any of the Released Defendant Persons.

(b) Without further action by anyone, upon the Effective Date, each of the Individual Defendants and Cardinal Health, and their respective legal representatives, heirs, executors, administrators, predecessors, successors, predecessors-in-interest, successors-in-interest and assigns, shall be deemed to have, and by operation of the Judgment, shall have, fully, finally, and forever released, relinquished, settled, discharged, and dismissed with prejudice every

one of the Released Defendant Claims (including Unknown Claims) against the Released Plaintiffs, and shall be forever barred and enjoined from asserting any Released Defendant Claims against any of the Released Plaintiffs.

(c) Nothing in this Judgment shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation, the Settlement, or this Judgment. Also, for the avoidance of doubt, the Released Plaintiff Claims do not cover, settle, or release any direct claim held by any current, former, or future Cardinal Health stockholder other than Plaintiffs, including any claims asserted under the federal or state securities laws.

(d) "Released Plaintiff Claims" means any and all claims, rights, demands, obligations, controversies, debts, disputes, damages, losses, causes of action, issues, liabilities, and charges of any kind or nature whatsoever, whether in law or equity, including both known claims and Unknown Claims, suspected or unsuspected, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, matured or unmatured, foreseen or unforeseen, whether arising under federal or state statutory or common law, or any other law, rule, or regulation, whether foreign or domestic, that (i) were asserted in any of the complaints filed in the Action, or (ii) could have been, or could be, asserted by Cardinal Health directly, by Plaintiffs directly, or by Plaintiffs or any Cardinal Health stockholder derivatively on behalf of Cardinal Health, against the Released Defendant Persons in any court, tribunal, forum, or proceeding, concerning, arising from, relating to, based upon, or involving, in any way whatsoever, any of the facts, allegations, practices, events, claims, disclosures, non-disclosures, occurrences, representations, statements, matters, transactions, conduct, actions, failures to act, omissions, or circumstances that were alleged or referred to in any of the complaints filed in the Action or in the prosecution or settlement of the Action, including but not limited to any and all such claims that were, could have been, or could

be asserted by Cardinal Health, Plaintiffs or any other Cardinal Health stockholder derivatively on behalf of Cardinal Health, concerning, arising from, or relating to Cardinal Health's liabilities associated with settled, pending, or future litigation or claims of any nature concerning, arising from, or relating to the underlying facts, conduct, events, occurrences, transactions, or allegations set forth or referred to in any of the complaints, including the Amended Complaint, filed in the Action; *provided, however*, that the Released Plaintiff Claims shall not include any claims arising out of, based upon, or relating to the enforcement of the Settlement or the Stipulation. For the avoidance of doubt, the Released Plaintiff Claims do not cover, settle, or release any direct claims held by any current, former, or future Cardinal Health stockholder other than Plaintiffs, including any claims asserted under the federal or state securities laws.

(e) "Released Defendant Persons" means, collectively, each and all of the Individual Defendants and the Company, and their respective attorneys, and each and all of their respective Related Persons.

(f) "Unknown Claims" means any Released Claims that any of the Parties or any Cardinal Health stockholder does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, including claims which, if known by him, her, or it, might have affected his, her, or its decision to settle or the terms of his, her, or its settlement with and releases provided to the other Parties, or might have affected his, her, or its decision not to object to the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, the Parties shall expressly waive, and, with respect to Released Plaintiff Claims that could have been or could be asserted derivatively on behalf of the Company, all other Cardinal Health stockholders by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code § 1542, or any other law of the United States or any

state or territory of the United States, or principle of common law or foreign law that is similar, comparable, or equivalent to Section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Parties and each Cardinal Health stockholder may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity, but the Parties and each Cardinal Health stockholder derivatively on behalf of the Company shall expressly, fully, finally, and forever settle and release, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims as applicable without regard to the subsequent discovery or existence of such different or additional facts. The Parties acknowledge, and the Cardinal Health stockholders shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

      (g)    "Released Defendant Claims" means any and all claims, rights, demands, obligations, controversies, debts, disputes, damages, losses, causes of action, issues, liabilities, and charges of any kind or nature whatsoever, whether in law or equity, including both known claims and Unknown Claims, suspected or unsuspected, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, matured or unmatured, foreseen or unforeseen, whether arising under federal or state statutory or common law, or any other law, rule, or regulation, whether foreign or

domestic, that Defendants have or could have asserted against the Released Plaintiffs or their counsel, arising out of, relating to, based upon, or involving the institution, prosecution, or settlement of the claims asserted against the Individual Defendants; *provided, however*, that the Released Defendant Claims shall not include (1) any claims arising out of, based upon, or relating to the enforcement of the Settlement or the Stipulation, or (2) any claims by Defendants related to insurance coverage or the right to indemnification.

(h) "Released Plaintiffs" means each and all of the Plaintiffs and their respective attorneys, and each and all of their respective Related Persons.

(i) "Released Persons" means, collectively, the Released Defendant Persons and the Released Plaintiffs. "Released Person" means, individually, any of the Released Persons.

(j) "Related Persons" means past or present family members, spouses, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, distributees, foundations, agents, employees, fiduciaries, partners, partnerships, general or limited partners or partnerships, joint ventures, member firms, limited liability companies, corporations, parents, subsidiaries, divisions, affiliates, associated entities, stockholders, principals, officers, directors, managing directors, members, managing members, managing agents, representatives, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, financial or investment advisors, advisors, consultants, investment bankers, entities providing any fairness opinion, underwriters, brokers, dealers, lenders, commercial bankers, attorneys, personal or legal representatives, accountants, insurers, co-insurers, reinsurers, and associates.

10. **<u>No Admissions</u>** – Neither this Judgment, the negotiations leading to the execution of the Settlement, the Stipulation (including any exhibits attached thereto), nor any proceedings

taken pursuant to or in connection with the Settlement, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

   (a) shall be offered against any of the Released Defendant Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Persons with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendant Persons, or in any way referred to for any other reason as against any of the Released Defendant Persons, in any action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

   (b) shall be offered against any of the Released Plaintiffs as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Plaintiffs that any of the Released Plaintiff Claims are without merit, that any of the Released Defendant Persons had meritorious defenses, or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiffs, in any action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

   (c) shall be construed against any of the Released Persons as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however,* that the Parties, the Released Persons, and their respective counsel may refer to this Judgment and the Stipulation to

effectuate the protections from liability granted hereunder and thereunder, to support any and all defenses or counterclaims based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good-faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or otherwise to enforce the terms of the Settlement.

11. **Fee and Expense Award** – Plaintiffs' Counsel are hereby awarded attorneys' fees and expenses in the amount of $ 31,000,000 (the "Fee and Expense Award"), which amount the Court finds to be fair and reasonable and which shall be paid to Co-Lead Counsel in accordance with the terms of the Stipulation. Plaintiffs are hereby awarded service awards of $ 2,500 each, which the Court finds to be fair and reasonable. Each such service award shall be paid out of the Fee and Expense Award allocated to Co-Lead Counsel in accordance with the terms of the Stipulation.

12. Any changes by any court, including this Court, to the negotiated amount of any Fee and Expense Award, or to any service awards, will not otherwise affect the Finality of the Judgment or the validity of the Settlement, and the Parties' obligations under the Settlement (except with respect to the payment of the Fee and Expense Award and/or any service awards) shall not be conditioned on the resolution of, nor any ruling regarding, any Fee and Expense Award, including any service awards. Any orders or proceedings relating to any request for a Fee and Expense Award or any service award, or any appeal from any orders or proceedings relating thereto, shall not affect the validity of the Settlement, operate to terminate or cancel the Stipulation, and/or affect or delay either the Effective Date or the Finality of the Judgment approving the Settlement.

13. Without further approval from the Court, the Parties are hereby authorized to agree to and adopt such amendments or modification of the Stipulation or any exhibits attached thereto, to effectuate the Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of Cardinal Health or its stockholders in connection with the Settlement. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any provisions of the Settlement.

14. **Retention of Jurisdiction and Prevailing Party** – The Court shall retain exclusive jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of the Stipulation, and the Parties and their undersigned counsel submit to the jurisdiction of the Court for purposes of implementation and enforcement of the Settlement embodied in the Stipulation.

15. In any action brought to enforce the terms of the Stipulation and the Settlement contemplated by it, the party prevailing on any claim, matter, or issue shall be entitled to recover from the losing party all reasonable fees, expenses, and costs, including, but not limited to, attorneys' fees, incurred in bringing such claim, matter, or issue, as set forth in the Stipulation.

16. **Termination of Settlement** – If the Stipulation and Settlement is cancelled or terminated pursuant to the Stipulation, or fails to become Final in accordance with its terms or the Effective Date otherwise fails to occur, then: (i) the Settlement and the relevant portions of the Stipulation shall be cancelled; (ii) Cardinal Health and Co-Lead Counsel shall comply with their repayment obligations set forth in the Stipulation; (iii) the Parties shall be deemed to have reverted to their respective litigation status in the Action as of the date the Stipulation was executed; (iv) the terms and provisions of the Settlement and Stipulation, with certain exceptions enumerated in the Stipulation, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and the Parties shall proceed in all

respects as if the Settlement and Stipulation had not been entered; and (v) the Judgment and any other order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

17. **Entry of Final Judgment** – This Judgment is a final, appealable judgment and shall be entered forthwith by the Clerk in accordance with Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**